UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. BRYANT,

    Petitioner,

v.                                           CIVIL CASE NO. 03-70387
                                              CRIMINAL CASE NO. 97-81373
                                              HON. LAWRENCE P. ZATKOFF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

**A.    Introduction**

       This matter is before the Court on Petitioner John Bryant's "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) Motion Requesting to Vacate the Amended Judgment of Defendant 28 U.S.C. § 2255." Petitioner argues that the Court violated his Sixth Amendment right to be present during all critical stages of the proceedings against him when the Court granted his motion to vacate sentence under 28 U.S.C. § 2255 and reduced his sentence from 235 months in prison to 210 months without him being present. Petitioner argues that had he been present for the imposition of the new sentence, he would have presented evidence of exceptional post-sentence rehabilitation warranting a further reduction of his sentence. For the reasons set forth below, Plaintiff's motion will be DENIED.

**B.    Background**

       On June 1, 1999, Petitioner entered into a Rule 11 Plea Agreement with the United States Attorney's Office. Pursuant to the Plea Agreement, Petitioner agreed to plead guilty to Count 1 of the second superseding indictment charging him with Conspiracy to Distribute Controlled

Substances under 21 U.S.C. §§ 846 and 841(a)(1). On February 15, 2000, the Court sentenced Defendant to a term of 235 months in prison, which was at the top of the 188 to 235 month guideline range. That sentence, however, was based on an erroneous assessment of two criminal history points. Petitioner was assessed two criminal history points for a 1994 state sentence, which, according to the Probation Department, resulted in a term imprisonment in excess of sixty days. Petitioner subsequently presented evidence, however, that his 1994 sentence resulted in only a $440.00 fine. Thus, Petitioner should have been assessed only one criminal history point, which would have placed him in Criminal History Category I, instead of Criminal History Category II. Under Criminal History Category II, Petitioner's guideline range was 168 to 210 months.

On May 3, 2000, the Court held a hearing on Petitioner's request for a rehearing on his sentence. At the hearing, the Court found persuasive the Government's contention that the Court lacked jurisdiction to address Petitioner's request to reduce the sentence because he had already appealed the sentence to the Sixth Circuit Court of Appeals. At the time, however, Petitioner was represented by two attorneys, neither of whom were aware that the Sixth Circuit had dismissed Petitioner's appeals for lack of prosecution on March 27, 2000. Petitioner subsequently hired a new attorney, who unsuccessfully tried to reinstate the appeals.

Petitioner ultimately filed a motion to vacate his sentence under § 2255. Due to the health problems of his attorney, however, Petitioner did not file his motion until January 29, 2003, which was well after the applicable one-year statute of limitations had expired. The Court referred the motion to a Magistrate Judge who recommended that the motion be denied as untimely. On August 31, 2004, the Court declined to adopt the recommendation of the Magistrate Judge, instead finding that Petitioner's motion was subject to equitable tolling based on the failure of Plaintiff's attorneys

to prosecute his appeals and timely file his motion to vacate. Thus, the Court granted Petitioner's motion and reduced his sentence from 235 months to 210 months based on evidence that he was wrongly assessed two criminal history points for his 1994 conviction in state court.

On March 24, 2005, Petitioner filed the present motion to vacate the amended sentence of 210 months under FED. R. CIV. P. 60(b)(6). Petitioner maintains that the Court erred in imposing the 210 month sentence without allowing him an opportunity to be present in court.[1] He claims that had he been present, he would have produced evidence that he is a "model inmate" and that he passed several inmate education programs. Petitioner's Motion, at 3. Plaintiff argues that his post-sentence rehabilitation efforts warrant a reduced sentence.

**C.     Discussion**

The Court finds Petitioner's arguments unpersuasive for two simple reasons. First, the Court did not err in correcting Petitioner's sentence without bringing Petitioner into court. Section 2255 explicitly states that a court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255; *see Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (noting that "[t]here is nothing in § 2255 which provides that defendant has either an absolute right to be present or a right of allocution."). Therefore, the Court properly granted Petitioner's motion to vacate without him being present.

Second, because the Court did not err in resentencing Petitioner, the Court is left with only Petitioner's belated request for a reduced sentence based on his alleged efforts at rehabilitation.

---

[1] Petitioner also challenges the sentencing under *Booker v. United States*, 125 S.Ct. 738 (2005). *Booker*, however, does not apply retroactively to a collateral attack on a conviction that was final at the time of the *Booker* decision. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Petitioner's conviction became final well before the Supreme Court decided *Booker*; thus, the *Booker* holding is not applicable to Plaintiff's case.

Once a sentence is imposed, the Court may only reduce the term of imprisonment in "extraordinary and compelling" circumstances "upon motion of the Director of the Bureau of Prisons . . . ." 18 U.S.C. § 3582(c)(1)(A). No such motion has been filed in this case. Thus, under the plain and unambiguous terms of § 3582, Petitioner is not entitled to relief. *See United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (holding that a federal prisoner was not entitled to relief under § 3582(c)(1)(A) because no motion had been filed by the Director of the Bureau of Prisons); *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (holding that district courts lack jurisdiction to grant early release under § 3582(c)(1)(A), "except upon a motion from the Director of the Bureau of Prisons.").

Additionally, the Court finds Petitioner's reliance upon *United States v. Rudolph*, 190 F.3d 720, 722 (6th Cir. 1999) misplaced. Petitioner argues that under *Rudolph*, the Court has discretion to "depart downward on the basis of extraordinary post-sentence rehabilitation." Petitioner's Motion, at 3. *Rudolph*, however, did not involve the situation presented here where a request for a reduced sentence occurred after the defendant had already been sentenced as part of a successful collateral attack. The *Rudolph* court explicitly stated that post-sentence rehabilitation is relevant "only after an appeal where there is a remand for resentencing, a defendant successfully prosecutes a collateral attack, or in infrequent occurrences such as the passage of a pertinent and retroactive amendment to the sentencing guidelines." *Rudolph*, 190 F.3d at 723-24. In other words, had Petitioner presented evidence of his rehabilitation contemporaneously with his § 2255 motion, the Court would have had jurisdiction to consider it in fashioning a sentence. Petitioner, however, failed to present the information until more than six months after the Court resentenced him to 210

4

months.[2] Thus, Plaintiff's sentence has already been imposed and the Court "may not modify" it except under 18 U.S.C. § 3582, which, as the Court noted above, does not apply. Therefore, the Court finds that the *Rudolph* decision does not support Petitioner's claim.

**D.     Conclusion**

For the reasons set forth above, Petitioner's "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) Motion Requesting to Vacate the Amended Judgment of Defendant 28 U.S.C. § 2255" [dkt. # 544] is hereby DENIED.

IT IS SO ORDERED.


Dated:  July 20, 2005                                    s/Lawrence P. Zatkoff
                                                                         LAWRENCE P. ZATKOFF
                                                                         UNITED STATES DISTRICT JUDGE

---

[2] Petitioner alleges that he instructed his lawyer to file a motion for downward departure based on rehabilitation but she failed to do so. Petitioner, however, does not present any affidavit or other evidence to support his contention. In addition, Petitioner fails to mention when he told his lawyer to file the motion. Accordingly, the Court finds Petitioner's allegation to be without merit.